**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)**

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-50201 |
| | ) | |
| EDWARD C. THOMPSON, JR., | ) | |
| | ) | Chapter 7 (Judge Preston) |
| Debtor. | ) | |
| | ) | |

___

| | | |
|---|---|---|
| COUGHLIN CHEVROLET, INC. | ) | |
| dba COUGHLIN TOYOTA | ) | |
| 1850 North 21st Street | ) | |
| Newark, OH 43055, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. |
| | ) | |
| -vs- | ) | |
| | ) | |
| EDWARD C. THOMPSON, JR. | ) | |
| 1160 Kingsdale Terrace | ) | |
| Columbus, OH 43220, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF INDEBTEDNESS UNDER 11 U.S.C. § 523(a)(2),(4) and (6)**

NOW COMES the Plaintiff Coughlin Chevrolet, Inc. dba Coughlin Toyota ("Coughlin") and for its Complaint pleads and alleges as follows:

  1. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. § 157(c)(2) and 28 U.S.C. § 1334(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

  2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

  3. Coughlin is an Ohio corporation having its principal place of business at 1850 North 21st Street in Newark, Licking County, Ohio, and is in the business of, among other things, selling new and used automobiles.

4. The Defendant Edward C. Thompson, Jr. ("Thompson") is the Debtor in the underlying Chapter 7 case. Coughlin is a creditor of the Defendant/Debtor.

5. This Complaint seeks a determination of the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6).

**COUNT ONE**
**Determination of Dischargeability of Indebtedness pursuant to 11 U.S.C. § 523(a)(2)**

6. Coughlin incorporates by this reference the allegations contained in paragraphs 1 through 5 above as if the same were fully rewritten herein.

7. On or about August 20, 2008, Coughlin entered into a Retail Purchase Agreement with Florida Physicians Leasing Co., Inc. ("FPLCI") in the original amount of $29,346.00 (the "Agreement"), whereby FPLCI agreed to purchase from Coughlin a 2009 Toyota Camry, Serial No. 4T1BB46K29U086156 (the "Vehicle") for the amount of $29,346.00. A true and accurate copy of the Agreement is attached hereto as **Exhibit A** and incorporated herein by this reference.

8. FPLCI is a Florida corporation which is in the business of leasing and selling automobiles.

9. Thompson is a shareholder, officer and director of FPLCI.

10. When entering into the Agreement, FPLCI represented to Coughlin that it would pay Coughlin the amount of $29,346.00 in exchange for Coughlin delivering possession of the Vehicle to FPLCI.

11. FPLCI represented that it to obtain, or had already obtained, a third-party buyer for the Vehicle.

12. FPLCI represented that it would sell the Vehicle to third-party buyer, obtain the proceeds from the sale of the Vehicle ("Vehicle Proceeds") and remit the Vehicle Proceeds to Coughlin.

13. FPLCI in fact sold the Vehicle to a third-party and received the Vehicle Proceeds and failed to remit the Vehicle Proceeds to Coughlin, and failed to pay the amounts due under the Agreement.

14. FPLCI's representations were false when made, or it made the representations with such reckless disregard for the truth, as knowledge may be inferred, as FPLCI knew that it did not have the financial wherewithal to pay Coughlin or reasonably should have known that it did not have the financial wherewithal to pay Coughlin.

15. FPLCI's representations were false when made, or it made the representations with such reckless disregard for the truth, as knowledge may be inferred, as FPLCI knew that it did not intend to remit the Vehicle Proceeds to Coughlin.

16. FPLCI knew the representations were false when it made the representation, or it made the representations with a reckless disregard for its truth or falsity.

17. FPLCI made the representations with the intent and for the purpose of deceiving Coughlin and to induce Coughlin into relying on the representations.

18. Coughlin reasonably and justifiably relied upon FPLCI's representations.

19. Coughlin, in reliance on FPLCI's representations, was induced to deliver the Vehicle to FPLCI.

20. Coughlin's reliance on FPLCI's representations was reasonable under the circumstances, in that it is common practice in the automobile industry for automobile dealerships to deliver automobiles to one another and receive payment for the same at a later date.

21. FPLCI's representations were made under false pretenses, false representations and/or with actual fraud which led to the injury suffered by Coughlin.

22. FPLCI desired the consequences of its actions and knew that these actions would cause consequences that injured Coughlin or knew that injury to Coughlin was substantially likely to occur.

23. As a direct and proximate result of FPLCI's representation and Coughlin's reliance thereon, Coughlin has been damaged in an amount of $29,346.00, plus interest at the statutory rate from August 20, 2008, plus attorneys' fees, punitive damages, and costs of this action (the "Indebtedness").

24. Thompson, as a shareholder, officer and director of FPLCI, is personally liable for Coughlin's damages because he participated directly and/or indirectly in the above described fraudulent conduct of FPLCI, and/or has participated in any benefits, and/or received direct or indirect benefits which may have resulted from the above described fraudulent conduct of FPLCI.

25. Thompson, as an officer, director and shareholder of FPLCI is personally liable for the intentional torts of the corporation in which he actively participated and for which he received direct or indirect benefits.

26. By virtue of the above, the Indebtedness is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2) of the Bankruptcy Code.

**COUNT TWO**
**Determination of Dischargeability of Indebtedness pursuant to 11 U.S.C. § 523(a)(4)**

27. Coughlin incorporates by this reference the allegations contained in paragraphs 1 through 26 above as if the same were fully rewritten herein.

28. To secure payment of the Vehicle, Coughlin retained possession of the original manufacturer's Certificate of Origin for the Vehicle (the "Certificate of Origin") and, as evidenced by the Certificate of Origin, Coughlin had an ownership interest in the Vehicle and

was the true and sole owner of the Vehicle when it delivered the Vehicle to FPLCI to obtain a buyer for and sell to a third-party. A true and accurate copy of the Certificate of Origin is attached hereto as **Exhibit B** and incorporated herein by this reference. Coughlin is the owner and holder of the Certificate of Origin.

29. On or about October 23, 2008, Coughlin advised FPLCI of its ownership interest and sole ownership and possessory right in the Vehicle and demanded that FPLCI issue payment for the balance due under the Agreement or turnover possession or control of the Vehicle to Coughlin.

30. FPLCI agreed that the Vehicle would be sold to a third-party and the Vehicle Proceeds would be remitted to FPLCI.

31. Coughlin entrusted the Vehicle to FPLCI.

32. FPLCI appropriated the Vehicle for a use other than that for which it was entrusted.

33. FPLCI appropriated the Vehicle for the purpose of obtaining a buyer and/or selling the Vehicle to a third-party and retaining the Vehicle Proceeds for itself, contrary to the agreement with Coughlin.

34. Coughlin entrusted the Vehicle Proceeds to FPLCI.

35. FPLCI appropriated the Vehicle Proceeds for a use other than for which it was entrusted.

36. FPLCI appropriated the Vehicle Proceeds for the purpose of retaining the Vehicle Proceeds for its own use, contrary to the agreement with Coughlin.

37. FPLCI refused to turnover possession or control of the Vehicle to Coughlin.

38. FPLCI refused to remit or turnover the Vehicle Proceeds to Coughlin.

39. FPLCI knew that Coughlin relied upon its agreement to obtain a buyer and/or sell the Vehicle to third-party and remit / turnover the Vehicle Proceeds to Coughlin.

40. Coughlin reasonably and justifiably relied upon FPLCI's agreement to obtain a buyer and remit / turnover the Vehicle Proceeds to Coughlin.

41. FPLCI acted with deceit when it entered into the Agreement with Coughlin.

42. FPLCI's conduct in its handling and use of the Vehicle and the Vehicle Proceeds indicate its intent to defraud Coughlin.

43. FPLCI's appropriation of the Vehicle and/or Vehicle Proceeds for its own use and benefit constitutes embezzlement under the 11 U.S.C. § 523(a)(4)

44. FPLCI desired the consequences of its actions, intended to harm Coughlin and knew that these actions would cause consequences that injured Coughlin or knew that injury to Coughlin was substantially likely to occur.

45. As result of FPLCI's appropriation of the Vehicle and Vehicle Proceeds, Coughlin has been injured and damaged in an amount of $29,346.00, plus interest at the statutory rate from August 20, 2008, plus attorneys' fees, punitive damages, and costs of this action.

46. Thompson, as a shareholder, officer and director of FPLCI, is personally liable for Coughlin's damages because he participated directly and/or indirectly in the above embezzlement of FPLCI, and/or has participated in any benefits, and/or received direct or indirect benefits which may have resulted from the above described embezzlement of FPLCI.

47. Thompson, as an officer, director and shareholder of FPLCI is personally liable for the intentional torts of the corporation in which he actively participated and for which he received direct or indirect benefits.

48. By virtue of the above, the Indebtedness is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(4) of the Bankruptcy Code.

**COUNT THREE**
**Determination of Dischargeability of Indebtedness pursuant to 11 U.S.C. § 523(a)(6)**

49. Coughlin incorporates the allegations contained in paragraphs 1 through 48 above as if the same were fully rewritten herein.

50. FPLCI obtained the Vehicle and/or the Vehicle Proceeds as evidenced by the Agreement.

51. FPLCI agreed that it would accept delivery of the Vehicle for the purposes of obtaining a buyer, selling it to a third-party and remitting the Vehicle Proceeds to Coughlin.

52. FPLCI refused and failed to turnover the Vehicle to Coughlin.

53. FPLCI refused and failed to remit / turnover the Vehicle Proceeds to Coughlin.

54. FPLCI accepted delivery of the Vehicle and retained the Vehicle for its own use and benefit.

55. FPLCI converted the Vehicle for its own use and benefit.

56. FPLCI retained the Vehicle Proceeds for its own use and benefit.

57. FPLCI converted the Vehicle Proceeds for is own use and benefit.

58. FPLCI knew that its failure to turnover the Vehicle to Coughlin would result in harm or injury to Coughlin and/or Coughlin's property.

59. FPLCI knew that its failure to remit / turnover the Vehicle Proceeds to Coughlin would result in harm or injury to Coughlin and/or Coughlin's property.

60. FPLCI's failure to turnover the Vehicle and remit / turnover the Vehicle Proceeds, and FPLCI's use of the Vehicle and Vehicle Proceeds constitutes a willful and malicious injury under 11 U.S.C. §523(a)(6).

61. As a result of the conversion, Coughlin has been damaged in the sum of $29,346.00, plus interest at the statutory rate from August 20, 2008, plus attorneys' fees, punitive damages, and costs of this action.

62. Thompson, as a shareholder, officer and director of FPLCI, is personally liable for Coughlin's damages because he participated directly and/or indirectly in the above described conversion by FPLCI of the Vehicle and Vehicle Proceeds, and/or has participated in any benefits, and/or received direct or indirect benefits which may have resulted from the above described conversion by FPLCI of the Vehicle and the Vehicle Proceeds.

63. Thompson, as an officer, director and shareholder of FPLCI is personally liable for the intentional torts of the corporation in which he actively participated and for which he received direct or indirect benefits.

64. By virtue of the above, the Indebtedness is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6) of the Bankruptcy Code.

## **COUNT FOUR**
### **Recovery of Attorneys' Fees pursuant to FED. BANK. R. 7008(b)**

65. Coughlin incorporates by this reference the allegations contained in paragraphs 1 through 64 above as if the same were fully rewritten herein.

66. Pursuant to applicable statutory and case law, Coughlin is entitled to an award of reasonable attorneys' fees in connection with the prosecution of its claims against Thompson.

**WHEREFORE**, Plaintiff Coughlin Chevrolet, Inc. dba Coughlin Toyota request that the Court render judgment against the Defendant Edward C. Thompson, Jr. as follows:

A) On Count One, judgment against Defendant Edward C. Thompson, Jr. in the amount of $29,346.00, plus interest at the statutory rate from August 20, 2008, plus attorneys' fees, punitive damages, and costs of this action; a determination that this amount is not

dischargeable pursuant to 11 U.S.C. § 523(a)(2); and award such other and further relief to which the Plaintiff is entitled, either at law or in equity;

B) On Count Two, judgment against Defendant Edward C. Thompson, Jr. in the amount of $29,346.00, plus interest at the statutory rate from August 20, 2008, plus attorneys' fees, punitive damages, and costs of this action; a determination that this amount is not dischargeable pursuant to 11 U.S.C. § 523(a)(4); and award such other and further relief to which the Plaintiff is entitled, either at law or in equity;

C) On Count Three, judgment against Defendant Edward C. Thompson, Jr. in the amount of $29,346.00, plus interest at the statutory rate from August 20, 2008, plus attorneys' fees, punitive damages, and costs of this action; a determination that this amount is not dischargeable pursuant to 11 U.S.C. § 523(a)(6); and award such other and further relief to which the Plaintiff is entitled, either at law or in equity; and

D) On Count Four, judgment against Defendant Edward C. Thompson, Jr. in favor of the Plaintiff for its reasonable attorneys' fees incurred in the prosecution of this matter.

> Respectfully submitted,
>
> */s/ Beth M. Miller*
> _____
> Thomas R. Merry (0042429)
> Beth M. Miller (0072747)
> BARREN & MERRY CO., L.P.A.
> 110 Polaris Parkway, Suite 302
> Westerville, OH 43082
> tmerry@barrenmerrylaw.com
> bmiller@barrenmerrylaw.com
> (614) 776-1000 Telephone
> (614) 865-3396 Facsimile
> *Attorneys for Plaintiff Coughlin Chevrolet, Inc.*
> *dba Coughlin Toyota*